UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ALAN CATA, 02-A-2720,                                                      **DECISION AND ORDER
                                                                                                    DENYING MOTION TO**
                                  Plaintiff,                **APPOINT COUNSEL**

v.
                                                         03-CV-0227A(M)

EVANS, Sgt., el al.

                                  Defendants.
_____

        This case was referred to me by Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions (Dkt. #55.)

        Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e). (Dkt. #37.) Plaintiff's prior motions for appointment of counsel were denied without prejudice. (Dkt. ##21, 33.) There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the Court's discretion. In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered by the Court include the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) whether the legal issues involved are complex; and (5) whether

there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

The Court must consider the issue of appointment of counsel carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, supra, 114 F.3d at 392, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." Carmona, supra, 243 F.3d at 632 (denying counsel on appeal where petitioner's appeal was not frivolous, but nevertheless appeared to have little merit).

Plaintiff alleges, inter alia, that he was assaulted by numerous correctional officers for no reason. (Dkt. #34.) In support of his motion for appointment of counsel, plaintiff asserts that "[t]he case is injust without [appointed counsel], for [he] cannot get law library requests nor many other things [he] needs to adequately pursue in this case . . . ." (Dkt. #37.) If plaintiff continues to have difficulty in obtaining library resources, he may make an appropriate motion detailing the factual basis for his allegation. However, plaintiff has not established at this point in the litigation that he is unable to investigate and prepare his case, or that appointment of

counsel is warranted under the factors set forth above.  Therefore, plaintiff's motion for appointment of counsel is denied without prejudice at this time.  It is plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*.  28 U.S.C. § 1654.

SO ORDERED.

                                               /s/ Jeremiah J. McCarthy
                                               JEREMIAH J. MCCARTHY
                                               United States Magistrate Judge

Dated:        March 23, 2007
                Buffalo, New York